## COMMONWEALTH *vs.* ARNOLD WALKER.

Suffolk.    March 8, 1977. — April 15, 1977.

Present: QUIRICO, BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Firearms.   Practice, Criminal,* Charge to jury.

For the reasons stated in *Commonwealth* v. *Jones, ante,* 403 (1977), the application of G. L. c. 278, § 7, to a defendant in a prosecution under c. 269, § 10 (*a*), was not unconstitutional and there was no error in an instruction to the jury which was substantially in the language of c. 278, § 7. [412]

COMPLAINT received and sworn to in the Municipal Court of the Dorchester District on April 22, 1975.

Upon appeal to the Superior Court the case was tried before *Steele,* J., a District Court judge sitting under statutory authority.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Robert S. Potters* for the defendant.

*Joseph E. Coffey,* Assistant District Attorney, for the Commonwealth.

BRAUCHER, J.   This case was argued with *Commonwealth* v. *Jones, ante,* 403 (1977), and involves substantially the same issues. On the authority of that decision, we affirm the conviction of the defendant for having a loaded firearm under his control in an automobile in violation of G. L. c. 269, § 10 (*a*).

There was evidence that on April 19, 1975, two police officers stopped a car in which the defendant was a passenger, and that the defendant reached into his waistband, pulled out a loaded revolver, and put it under the seat. The defendant testified, but there was no evidence with respect to a license. The judge instructed the jury substantially in

the language of G. L. c. 278, § 7, adding, "A presumption is a rule of law which compels you to reach a certain conclusion in the absence of evidence to the contrary." The defendant was convicted and sentenced to one year in a house of correction, and he appealed pursuant to G. L. c. 278, §§ 33A-33G. Execution of the sentence was stayed pending appeal of the *Jones* case, and we transferred the case here on our own motion.

The defendant's motion for a directed verdict on the ground that G. L. c. 278, § 7, is unconstitutional was properly denied. *Commonwealth* v. *Jones, supra.* The charge to the jury may have been confusing, since no issue with respect to a license was before the jury and there was no need for them to reach any conclusion on any such issue. But there was no error affecting substantial rights.

*Judgment affirmed.*