COMMONWEALTH *vs.* MARTIN W. OSBORNE, III.

Suffolk. October 12, 1977. — November 1, 1977.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Firearms. Practice, Criminal,* Directed verdict. *Words,* "Carrying."

Evidence at a criminal trial was insufficient to warrant the conviction of the defendant .for unlawfully carrying a firearm where the only legitimate inference was that the defendant had picked up a gun and held it while he fired it. [658-659]

COMPLAINT received and sworn to in the Municipal Court of the City of Boston on August 4, 1975.

On appeal to the Superior Court, the case was tried before *Umana,* J., a judge of the Municipal Court of the City of Boston sitting under statutory authority.

*J. Russell Hodgdon* for the defendant.

*James M. Lynch,* Assistant District Attorney, for the Commonwealth.

HALE, C.J. The defendant appeals from his conviction in the Superior Court of unlawfully carrying a firearm in violation of G. L. c. 269, § 10 (*a*). He was found guilty by a jury and sentenced. The defendant assigns as error the judge's denial of his motion for a directed verdict. The argument is divided into two parts.

1. The defendant contends that his motion for a directed verdict should have been allowed because G. L. c. 278, § 7, relied on by the Commonwealth at trial, is unconstitutional.[1] That point has been decided adversely to the de-

---

[1] General Laws c. 278, § 7, reads: "A defendant in a criminal prosecution, relying for his justification upon a license, appointment, admission to practice as an attorney at law, or authority, shall prove the same; and, until so proved, the presumption shall be that he is not so authorized."

fendant in *Commonwealth* v. *Jones*, 372 Mass. 403 (1977),
and *Commonwealth* v. *Walker*, 372 Mass. 411 (1977).

2. The defendant argues that the evidence presented by
the Commonwealth was insufficient to warrant the submis-
sion of the case to the jury. We agree and reverse.

The standard of review is whether the evidence, read in
the light most favorable to the Commonwealth, *Common-
wealth* v. *Perry*, 3 Mass. App. Ct. 308, 312 (1975), is such
that the jury "might properly draw inferences, not too re-
mote in the ordinary course of events, or forbidden by any
rule of law, and conclude upon all the established circum-
stances and warranted inferences that the guilt of the de-
fendant was proved beyond a reasonable doubt." *Common-
wealth* v. *Vellucci*, 284 Mass. 443, 445 (1933).

Viewed in the light most favorable to the Common-
wealth, the evidence showed that in response to a radio
call six Boston police officers went to an apartment building
in Boston's Back Bay. Officer Daly testified that as he en-
tered the building he observed a group of men arguing in
the hallway. Although the men were speaking Greek, Offi-
cer Daly heard the defendant say, "It was only shooting
blanks."[2] Officer Daly then approached the defendant and
asked him where the gun was. The defendant answered
that it was in his room. At the defendant's invitation Offi-
cer Daly accompanied him into his room and saw a gun ly-
ing on the bed. Daly picked up the gun, put it in his pocket,
and arrested the defendant. After being transported to the
police station and being read his Miranda rights, the de-
fendant, in response to police questioning, admitted that he
had bought the gun in New York. There was no evidence
of when or how the gun got to the defendant's room. At
the close of the Commonwealth's case, the defendant made
a motion for a directed verdict on the ground that there
had been no evidence that he had carried the firearm on his
person.

The issue before us is the meaning of the word "carry-

---

[2] All other references to this statement seem to indicate that the de-
fendant said, "*I* was only shooting blanks."

ing" as used in G. L. c. 269, § 10 (*a*).[3] The Supreme Judicial Court has said that the "idea conveyed by the statute is that of movement," *Commonwealth* v. *Atencio,* 345 Mass. 627, 631 (1963), and that "temporary possession [of a firearm] during the actual shooting would not be sufficient under the statute . . . ." *Commonwealth* v. *Morrissey,* 351 Mass. 505, 512 (1967).[4] In the instant case the evidence showed only "temporary possession" during firing and no "movement" at all. The police heard no shots. There was no evidence to indicate where the shots (or blanks) were discharged. The police found the defendant in the hallway, but the gun was found in the defendant's bedroom. There was no evidence from which to infer that the defendant had carried it outside his room. The only legitimate inference is that the defendant had picked up the gun and held it while he fired it, but such temporary possession was not sufficient for conviction of unlawfully carrying a firearm. *Commonwealth* v. *Atencio, supra.*

*Judgment reversed.*

*Verdict set aside.*

*Judgment for the defendant.*

---

[3] Subsection (*a*) of § 10, as appearing in St. 1975, c. 113, § 2, provides in pertinent part: "Whoever . . . carries on his person . . . a firearm . . . without [license] . . . shall be punished . . . ."

[4] We note that none of the subsequent amendments to G. L. c. 269, § 10, as appearing in St. 1957, c. 688, § 23 (the version discussed in *Atencio* and *Morrissey*), has resulted in any change in the definition of the substantive offense of carrying a firearm or in the meaning of the word "carrying" as used in the section.