COMMONWEALTH vs. JAMES E. STALLIONS.

Worcester. November 13, 1979. — January 9, 1980.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Firearms. Practice, Criminal,* Reopening of evidence, Appeal. *Words,* "Carrying."

Evidence that a defendant placed a firearm under his belt, walked fifteen or twenty feet, shifted the weapon to the back of his trousers, retraced his steps, and gave it to another individual was sufficient to warrant a finding that he had carried it within the meaning of G. L. c. 269, § 10 (*a*). [24-25]

At a criminal trial, the defendant was not prejudiced by the judge's refusal to allow him to reopen the defense in order to bring out a trivial inconsistency in the testimony of police officers at the defendant's District Court trial. [25]

At the trial of a defendant charged with carrying a firearm without a license to do so, where the revolver and cartridge taken from it were before the jury as exhibits, the jury could find without the aid of expert testimony that the revolver was capable of discharging a bullet. [25-26]

At a criminal trial, there was no error in excluding the answer to a question which was argumentative. [26]

Where it appeared that counsel for the defendant at a criminal trial made a deliberate tactical decision not to object to the charge as given, the defendant could not raise on appeal any inadequacy in the charge. [26]

COMPLAINTS received and sworn to in the First Eastern Worcester Division of the District Court Department on August 7, 1978.

On appeal to the Superior Court the cases were tried before *George,* J., a District Court judge sitting under statutory authority.

*Thomas C. Cameron* for the defendant.

*Joseph LoStracco,* Assistant District Attorney, for the Commonwealth.

HALE, C.J.  The defendant appeals from his convictions on complaints charging (1) the carrying of a firearm without a license or permit to do so (G.L. c. 269, § 10[a], as amended through St. 1975, c. 585, § 1) and (2) refusing to obey the command of a police officer to depart from an unlawful assembly (G. L. c. 269, § 2).[1]  On the evidence the jury could have found that about 10:00 P.M. on August 5, 1978, several Westborough police officers responded to calls from an apartment complex.  A "beef and beer" party, attended by 150-200 people, was taking place in the recreation building and common area of the complex.  One officer, Otten, had responded to three calls between 8:00 P.M. and 10:00 P.M.  On the third call four officers arrived and told the group to disperse.  People were slowly moving away when the sound of a firecracker was heard from a section near a post and rail fence where six people, including the defendant, were standing.  Officers Otten and Allen saw the defendant remove a gun from the vest of one Littlefield, place it into the front of his own trousers, and walk a distance of fifteen to twenty feet by the fence.  He then transferred the gun to the rear of his trousers and walked back to Littlefield, replacing the gun in Littlefield's vest.  The defendant's walk by the fence lasted between one and two minutes.  All of the officers pulled out their revolvers and approached the group of six, telling them to lie on the ground.  Everyone but Littlefield did so.  He was asked for the weapon and stated he had a permit.  The weapon, a .38 caliber revolver with five cartridges in its chamber, was taken by Officer Otten.[2]

1.  The defendant argues that his motion for a directed verdict on the firearms charge was improperly denied as the

---

[1] The defendant makes no suggestion in either his brief or supplementary brief that there was any error with respect to the conviction on the latter charge.

[2] There was testimony before the jury that Littlefield, who had a license to carry firearms, had borrowed the revolver from "Mr. Stallions."  During oral argument counsel informed us that this was not a reference to the defendant but rather to the defendant's father.  We accept this as true.

evidence of his temporary possession of the firearm would not permit a finding that he "carried" it within the meaning of G. L. c. 269, § 10(a). There was no error.

In *Commonwealth* v. *Seay,* 376 Mass. 735, 737 (1978), the Supreme Judicial Court synthesized its earlier decisions construing "carrying" under the statute into a simple rule: "'[C]arrying' a firearm occurs when the defendant knowingly has more than momentary possession of a working firearm and moves it from one place to another." The possession of the firearm for the time it took the defendant to remove the revolver from Littlefield's person, place it under his belt, walk fifteen or twenty feet, shift the weapon to his belt in the back of his trousers, retrace his steps fifteen to twenty feet, and return the revolver to Littlefield was far more than momentary. The firearm was obviously moved from one place to another. Contrast *Commonwealth* v. *Atencio,* 345 Mass. 627, 631 (1963); *Commonwealth* v. *Osborne,* 5 Mass. App. Ct. 657, 658-659 (1977).

2. By means of an uncertified copy of a transcript of testimony at a District Court trial, the defendant sought to impeach the testimony of Officers Otten and Allen that two minutes passed between the time he removed the revolver from Littlefield's vest and the time he returned it. There was testimony recorded in the District Court transcript that the elapsed time was "approximately one minute" or "a minute or so." We need not consider whether it was error or an abuse of discretion to deny the defendant the opportunity to reopen the defense, after the prosecutor had completed his rebuttal, in order to produce the District Court stenographer who, according to the offer of proof, would have produced the District Court testimony. We regard any inconsistency in the testimony as too trivial to have had any effect upon the jury.

3. No evidence was introduced that the revolver had been tested and found operable. We have examined the revolver, a .38 caliber Smith and Wesson. Both the revolver and five cartridges taken from it were before the jury as exhibits, together with testimony concerning them. The jury

could find without the aid of expert testimony that the revolver was "capable of discharging a bullet." *Commonwealth* v. *Fancy*, 349 Mass. 196, 204 (1965). See *Commonwealth* v. *Sperrazza*, 372 Mass. 667, 670 (1977). Contrary to the defendant's claim, the amendment of § 10(*a*) which provides a mandatory minimum sentence for violation of the statute does not preclude the jury from making the factual determination allowed by *Fancy*.

4. The defendant argues that he was improperly precluded from meeting "evidence that he had admitted to the possession of a firearm." We doubt that the particular evidence he sought to contradict could be regarded as an admission. In any event, the defendant's question to the witness, the exclusion of which is the basis of the defendant's claim of preclusion, was argumentative. There was no error in excluding the answer.

5. The defendant did not object or except to any part of the judge's charge. With the exception of a request for a definition of "firearm," which the judge gave, he did not request that the scope of the charge be expanded. The charge would not withstand appellate scrutiny had proper exception been taken to parts of it. Considering the careful conduct of the trial by counsel for the defendant, we conclude that he made a deliberate tactical decision not to object to the charge as given. In reaching this conclusion we have also noted that the charge on reasonable doubt was more favorable to the defendant than he was entitled to. After defining the meaning of "firearm," the judge left to the jury to decide the case on the facts as they found them. It appears that the defendant was satisfied with this procedure, and, not having excepted, he cannot raise on appeal any inadequacy in the charge. *Commonwealth* v. *LaBella*, 364 Mass. 550, 554 (1974). *Compare Commonwealth* v. *Grace*, 376 Mass. 499, 500 (1978) (same principle applied when issue was raised in the context of a motion for a new trial).

*Judgments affirmed.*