COMMONWEALTH *vs.* LEVI WARD.

Hampden. January 20, 1983. — March 3, 1983.

Present: BROWN, ROSE, & SMITH, JJ.

*Witness,* Cross-examination.

A prosecutor's question in cross-examination of the defendant at a crimi-
nal trial, attempting to have the defendant characterize a police of-
ficer's testimony as "lying," while improper, did not, in the circum-
stances, result in prejudicial error. [401-402]

INDICTMENT found and returned in the Superior Court
Department on May 14, 1981.

The case was tried before *Porada,* J.

*Brownlow M. Speer* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for
the Commonwealth.

SMITH, J. The defendant was convicted by a Superior
Court jury on an indictment that charged him with armed
robbery.[1] The defendant contends, on appeal, that the
judge committed prejudicial error in allowing the prosecu-
tor to question the defendant as to whether a police officer
who had testified as a prosecution witness has been "lying"
in his testimony. We hold that the question was improper,
but conclude that the defendant was not prejudiced and,
therefore, we affirm.

The following was presented at trial by the Common-
wealth. The victim, a hitchhiker, accepted a ride in the
defendant's automobile. The defendant was driving and,
while the automobile was underway, one of the passengers

---

[1] The defendant was also convicted of assault and battery by means of a
dangerous weapon. That indictment was placed on file with the defend-
ant's consent and is not before this court.

hit the victim with a baseball bat. The victim surrendered his wallet containing fifty dollars and left the vehicle. He reported the incident to the police and sometime later an automobile matching the description given by the victim was discovered in a parking lot. The victim was escorted to that location by a police officer and identified both the automobile and the defendant. According to the testimony of a police officer, the police removed the victim's wallet and a baseball bat from the defendant's automobile.

The defendant, the only witness for the defense, testified that the victim had given him a small amount of money as payment for the ride, and that after a dispute had started between the victim and another passenger, the defendant ordered the victim to leave the automobile. The defendant testified that the victim had left the automobile without further incident. During the cross-examination of the defendant, the prosecutor and the defendant engaged in the colloquy, outlined in the margin, which forms the basis of this appeal.[2]

It has become a favorite gambit of some lawyers in civil and criminal cases to direct questions at a witness, during cross-examination, in an attempt to have the witness characterize the testimony of other witnesses as "truthful" or "lying." This line of questioning is improper. It is the

---

[2] Q: "You were present for the testimony [of the police officer], right?"
A: "Yes, I was."
Q: "You heard that testimony?"
A: "Yes."
DEFENSE COUNSEL: "Objection, Your Honor."
THE JUDGE: "Objection sustained."
Q: "Did you see [the officer] take a wallet out of your car?"
A: "That's just it, he did not."
Q: "So, the officer is lying, is that correct?"
DEFENSE COUNSEL: "Objection."
THE JUDGE: "You may have the question."
Q: "So, sir, when the officer said he took the wallet out of your car, he was lying right?"
DEFENSE COUNSEL: "Objection."
THE JUDGE: "Overruled."
A: "I didn't see him take no wallet out of my car."

province of the fact finder, not the witness, to determine the weight and credibility of testimony. *Commonwealth* v. *Dabrieo,* 370 Mass. 728, 734 (1976), and cases cited therein. Whether a witness believes that another witness was either "truthful" or "lying" is irrelevant. By employing a line of questioning designed to cause a witness to characterize another witness's testimony as "lying," a lawyer implies to the jury that differences in the testimony of the witness and any other witness "could only be the result of lying and not because of misrecollection, failure of recollection or other innocent reason." *United States* v. *Narciso,* 446 F. Supp. 252, 321 (E.D. Mich. 1977). Such implication is heightened when a prosecutor attempts to pose questions that require a defendant-witness in a criminal case to comment, as here, on the veracity of a police officer.

In the circumstances of this case, we find no prejudicial error. Only one single improper question, repeated after the interposition of defense counsel's objection, was asked of the defendant. The defendant, in response to the improper question, did not characterize the officer's testimony as either truthful or false, but rather stated that the defendant did not see the officer's challenged action. The fact that we find no prejudicial error in this case, however, should not be viewed as lessening our condemnation of the practice employed here.

*Judgment affirmed.*