COMMONWEALTH *vs.* GILBERTO RODRIQUEZ. July 5, 1983. *Constitutional Law,* Assistance of counsel. *Controlled Substances. Practice, Criminal,* Transcript of evidence.

The defendant was convicted by a jury on an indictment that charged possession of heroin and acquitted on indictments that charged possession

of heroin with intent to distribute and unlawful possession of a hypodermic needle and syringe. Despite his success in obtaining not guilty verdicts on major indictments, trial counsel finds himself, on appeal, to be a target of accusations of incompetence and ineffectiveness. In addition to that claim, the defendant contends that the judge erred in the denial of his motion for a required finding of not guilty and that, in any event, he is entitled to a new trial because portions of the trial proceedings were unavailable for transcription. We affirm.

1. *Ineffective assistance of counsel.* The defendant alleges that his trial counsel rendered ineffective assistance in a number of respects. We note that no motion for new trial was filed or heard as to this issue and that the defendant raises the claim for the first time on appeal. Among his several claims of ineffectiveness of counsel, the defendant contends that trial counsel was grossly inept during the cross examination of one of the Commonwealth's witnesses. In particular, the defendant focuses on three questions asked by trial counsel and states that they were incompetently framed or should not have been asked at all. Viewing the questions in the context of the case as a whole, the conduct of trial counsel did not fall measurably below that "which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Adams,* 374 Mass. 722, 728 (1978), quoting from *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). The questions were obviously designed as a trial tactic to attempt to show that the heroin found in the bedroom was "dropped" by the codefendant or placed there by someone other than the defendant. This trial tactic was reasonable. "When the arguably reasoned tactical or strategic judgments of a lawyer are called into question, we do not 'second guess competent lawyers working hard for defendants who turn on them when the jury happen to find their clients guilty.'" *Commonwealth* v. *Rondeau,* 378 Mass. 408, 413 (1979), quoting from *Commonwealth* v. *Stone,* 366 Mass. 506, 517 (1974). Any error by trial counsel in asking a "why" question was cured by the judge's limiting instruction to the jury. Trial counsel was not ineffective in the face of unresponsive answers. He could not be faulted for failing to object to a correct instruction given by the judge to the jury. As to the defendant's other claims of ineffective assistance of counsel, we have examined the entire record and it does not show incompetence or, in any event, that trial counsel's performance "deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian,* 366 Mass. at 96.

2. *Required finding of not guilty.* There is no merit to the defendant's claim that the judge erred in denying his motion for a required finding of not guilty on the indictment that charged possession of heroin. The police found tinfoil packets of heroin under the bed in the right front bedroom of an apartment. The defendant had been seen entering the apartment on

several occasions and indeed was present during the search. At the time of the entry by the police, the defendant was observed leaving the bedroom, clad in his underwear. The defendant dressed, using stockings and shoes obtained from that bedroom; a suit and shirt which the defendant had worn on many occasions were found hanging in another bedroom closet. From this evidence the jury could infer that the defendant had been in possession of the heroin found in the bedroom. See *Commonwealth* v. *Mott,* 2 Mass. App. Ct. 47, 53 (1974); *Commonwealth* v. *Nichols,* 4 Mass. App. Ct. 606, 613 (1976). The fact that others were present in the apartment at the time of the search, by itself, does not require a contrary result. *Ibid.,* and cases cited.

3. *The loss of the trial notes.* The defendant claims that he is entitled to a new trial because, as a result of an apparent mechanical failure, part of the voir dire examination of a Commonwealth witness, the completion of his testimony, the direct testimony of another Commonwealth witness, and the defendant's closing arguments were not transcribed. After learning of the mechanical failure, appellate counsel for the defendant and counsel for the Commonwealth entered into a stipulation pursuant to Mass.R.A.P. 8(e), as appearing in 378 Mass. 934 (1979), as to their collective memory of the missing portions of the record. The stipulation was "approved" by the judge. The defendant now claims that he is entitled to a new trial because of the missing portions of the record. The defendant never submitted a motion for a new trial to the judge or raised any objection to the approval of the stipulation by the judge. We are not going to entertain such objections, raised for the first time on appeal, where the trial judge has never certified or even been asked to certify that the proceedings cannot be reconstructed. *Commonwealth* v. *Harris,* 376 Mass. 74, 79 (1978).

*Judgment affirmed.*

*Patricia A. O'Neill* for the defendant.

*Patricia A. McEvoy,* Assistant District Attorney, for the Commonwealth.