COMMONWEALTH *vs.* MILTON A. ASHLEY. September 2, 1983. *Firearms. Practice, Criminal,* Instructions to jury.

Evidence was received which enabled the jury to find that a team of police officers, in the early morning hours of October 15, 1977, executed a search warrant to look for illegal gaming at 551 Norfolk Street, Mattapan. The police first spent some five minutes kicking an outer door off the hinges, then proceeded down a hallway to the door of the gaming room, at which they knocked, announced themselves, and then broke that door down. There were between ten and fourteen men sitting around an oval table on which there were money and cards. A detective in the raiding party observed the defendant "remove an object from his pocket and throw it to the floor." The object was a .32 calibre five shot revolver, fully loaded. The defendant's home was at an address other than the one in which the card game was in progress. The jury convicted the defendant of unlawfully carrying a firearm in violation of G. L. c. 269, § 10(*a*).

There was no error in denying the defendant's motion for a required finding of not guilty. The question was whether the defendant knowingly had more than momentary possession of a working firearm and moved it from one place to another. *Commonwealth* v. *Seay*, 376 Mass. 735, 737-738 (1978), and cases cited. Viewing the evidence in the light most favorable to the Commonwealth, the jury could rationally have found that: the defendant had come to the card game from some place else; had removed the revolver from an inside jacket pocket; and had thrown the revolver to the floor. From this the jury could infer that the defendant was carrying the weapon on his person. Compare *Commonwealth* v. *Atencio*, 345 Mass. 627, 631 (1963), in which the temporary possession involved in playing Russian roulette was not determined to be carrying of a

firearm. The offense is not the handling or having a gun in hand, but carrying it on one's person. *Ibid. Commonwealth* v. *Morrissey,* 351 Mass. 505, 516 n.17 (1967). A revolver found on the person of a defendant standing at a bar was sufficient to permit an inference of carrying in *Commonwealth* v. *Ballou,* 350 Mass. 751, 756 (1966), cert. denied, 385 U.S. 1031 (1967). See also *Commonwealth* v. *Dunphy,* 377 Mass. 453, 455 (1979) (defendant was wearing a holster and had walked a few feet with the weapon in the holster); *Commonwealth* v. *Samaras,* 10 Mass. App. Ct. 910 (1980) (weapon found in defendant's back pocket as he stood in front of his house, from which he had walked on the way to his car); *Commonwealth* v. *McCauley,* 11 Mass. App. Ct. 780, 780-781 (1981) (carrying firearm assumed where defendant was drinking at a bar and dropped the firearm to the floor several times). Compare *Commonwealth* v. *Underwood,* 7 Mass. App. Ct. 140, 140-141 (1979) (defendant held weapon while standing behind a tree and moving further behind the tree); *Commonwealth* v. *Stallions,* 9 Mass. App. Ct. 23, 25 (1980) (it was more than temporary possession when defendant placed firearm under his belt, walked fifteen or twenty feet and back). Contrast *Commonwealth* v. *Osborne,* 5 Mass. App. Ct. 657 (1977) (weapon found in defendant's bedroom — no evidence of movement).

In his instructions to the jury, the judge correctly charged that they must find that the defendant carried the weapon on his person, "[t]hat is, he moved it from place to place," and that the jury were to be satisfied beyond a reasonable doubt that the defendant had more than just temporary possession of the weapon. It was, therefore, not necessary for the judge to further instruct the jury, as the defendant requested, that "the mere handling of the gun" would not warrant a finding that the statute had been violated.

*Judgment affirmed.*

*Arthur N. Cole* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.