COMMONWEALTH *vs.* McCOY BRIMLEY.  February 21, 1985.  *Firearms. Practice, Criminal,* Assistance of counsel.

The evidence most favorable to the Commonwealth was that, acting in response to unspecified information, several police vehicles drove to the defendant's mother's home and saw the defendant standing next to the opened driver's door of a blue Cadillac automobile with three companions nearby. The defendant was seen to drop something blue and make a kicking motion as the police approached. One of his companions was seen to be holding shotgun shells and to drop them to the ground. The officers retrieved the shells and, from under the Cadillac, a blue cloth zippered bag containing a Remington 16-gauge shotgun with a sawed off barrel. The defendant was arrested and searched. In his pocket were a shotgun shell and keys, one of which was the ignition key to the Cadillac. The Cadillac had been stolen within the month and its ignition changed. Attached to the Cadillac was a registration plate belonging to another car which had also been stolen within the month. The Cadillac's legal plate was in the trunk. Two other indictments having been severed, the defendant was tried and found guilty on indictments for possession of a sawed off shotgun, receiving stolen property valued at $3,000 (the Cadillac), and receiving stolen property valued at $18 (the registration plate from the other stolen car).

1. There was no likelihood of a miscarriage of justice arising from the judge's omission to instruct the jury that one of the elements of the shotgun offense was that the gun be capable of discharging a shot. For purposes of decision we can assume that such capability is an element of the offense.[1] The evidence that the shotgun had been tested and did so discharge was routine and uncontested. The defendant's position at trial was that he and his companions knew nothing about where the Cadillac and the gun had come from and that, with the exception of the fact that one of the defendant's companions had picked up some of the shotgun shells just before the police arrived, the police story was a total fabrication. If the matter had been directed to the judge's attention, there can be no doubt he would have corrected the omission. Defense counsel doubtless saw no point in raising the issue: the trial was fought on other matters. Compare *Commonwealth* v. *Boyd,* 367 Mass. 169, 186-187 (1975); *Commonwealth* v. *Godfrey,* 15 Mass. App. Ct. 938, 938-939 (1983). The same is true of the passing sug-

---

[1] The assumption is dubious. The capability of discharging a shot or bullet is a part of the definition of "firearm" as used in G. L. c. 269, § 10(*a*). The defendant was not charged under § 10(*a*), however, but under § 10(*c*), which, as in effect at the time of the incident in 1981, prohibited possession of a shotgun with a barrel less than eighteen inches. The word "shotgun" is modified and presumably carries its ordinary dictionary signification. A damaged or malfunctioning shotgun having a barrel less than eighteen inches might arguably be encompassed by § 10(*c*) and not by § 10(*a*). Compare *Commonwealth* v. *Bartholomew,* 326 Mass. 218, 219-220 (1950); *Commonwealth* v. *Colton,* 333 Mass. 607 (1956); *Commonwealth* v. *Sampson,* 383 Mass. 750, 760 n.14 (1981).

gestion that the judge should have charged on the concept of momentary possession, which has been distinguished by several cases from "carrying." See *Commonwealth* v. *Atencio,* 345 Mass. 627, 631 (1963); *Commonwealth* v. *Morrissey,* 351 Mass. 505, 512 (1967); *Commonwealth* v. *Seay,* 376 Mass. 735, 737-738 (1978); *Commonwealth* v. *Osborne,* 5 Mass. App. Ct. 657, 658-659 (1977); *Commonwealth* v. *Stallions,* 9 Mass. App. Ct. 23, 25 (1980). If those cases have relevance to a possession charge, there was none in this case, where the defendant denied even knowing of, much less holding, the blue bag before the police retrieved it from under the Cadillac.

2. There is no basis for the defendant's assertion that he was denied effective assistance of counsel. (a) The prosecutor's five somewhat labored questions asking one Carswell to choose between his (Carswell's) version of events earlier in the day and the slightly different version given by the defendant's brother, a prior witness, were improper but did not approach in seriousness the extensive line of such questioning which led to reversal in *Commonwealth* v. *Long,* 17 Mass. App. Ct. 707 (1984). The failure of defense counsel to register an objection did not result in serious prejudice, if any, nor was it particularly inexcusable in light of the fact that two of the three cases which have focused attention on the impropriety (*Commonwealth* v. *Ward,* 15 Mass. App. Ct. 400, 401-402 [1983]; *Commonwealth* v. *Collett,* 17 Mass. App. Ct. 913, 914 [1983]; and the *Long* case) were decided after trial in this case. (b) Similarly, it is reasonably clear that it would have been futile for the defendant to move expressly for the discretionary exclusion of his prior conviction of receiving stolen goods, the judge having already ruled that he would not exclude his convictions of other offenses if he thought they might have some bearing on the defendant's "integrity." The record also makes clear that counsel assiduously explored every other approach to getting the defendant's prior convictions excluded, such as lack of a sentence (see *Commonwealth* v. *Rossi, ante* 257, 258-259 [1985]), and lack of representation by counsel (*Commonwealth* v. *Cook,* 371 Mass. 832 [1977]). (c) As there was no intrinsic conflict between Officer McConkey's testimony that he found a shotgun shell in the defendant's pocket at the time of arrest and Officer Washington's complaint application in which he wrote that shotgun shells were found in one of the companion's pockets, defense counsel cannot be faulted for not trying to develop an inconsistency. Indeed, use of the complaint would have tended (through prior consistent statements) to reinforce the crucial points in Officer Washington's trial testimony, and counsel may well have wished to avoid it for that reason.

*Judgments affirmed.*

*Kenneth J. King* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.