COMMONWEALTH *vs*. PATRICK B. REILLY.

Norfolk.   October 9, 1986. — October 28, 1986.

Present: GRANT, KASS, & WARNER, JJ.

*Practice, Criminal,* Required finding.  *Firearms.*

At the trial of a defendant charged with carrying a firearm in violation of G. L. c. 269, § 10(*a*), in which there was evidence that the defendant in the evening left his disabled van by the side of a highway; that the following morning a State trooper found the van, engulfed in flames; that the defendant arrived at State police barracks shortly thereafter and acknowledged his ownership and operation of the van; that two days later some children playing near the location where the van had been abandoned found a briefcase containing various tax documents and a carpenter's box containing a drill, a radio and cassette player, and a loaded semiautomatic pistol; and that subsequently the defendant admitted to State police that he owned all the items found, except for the pistol, and that the items he owned had been left in the van when he had abandoned it, the judge could rationally infer that the defendant had carried the pistol under his control in a vehicle within the meaning of G. L. c. 269, § 10(*a*), or that the defendant had moved the pistol from the van to the place where it had been found and so had knowingly carried it on his person within the meaning of § 10(*a*). [55-56]

COMPLAINT received and sworn to in the Wrentham Division of the District Court Department on May 1, 1985.

On appeal to the jury session of the Dedham Division, the case was heard by *Robert V. Greco, J.*

*Martin Kruger* for the defendant.

*Charles J. Hely,* Assistant District Attorney, for the Commonwealth.

GRANT, J.   This is a District Court complaint issued under G. L. c. 269, § 10(*a*).[1] The defendant was found guilty follow-

---

[1] Subsection (*a*), as appearing in St. 1975, c. 113, § 2, provides in part: "Whoever, except as provided by law, [1] carries on his person or [2] carries

ing a bench trial and appealed for a trial de novo before a jury of six. He then waived his right to trial by jury and was convicted again by a second judge. He has now appealed to this court, urging error in the denial of his motion for a required finding of not guilty presented at the close of the Commonwealth's case. Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979). Accordingly, the question before us is whether the evidence at the close of the Commonwealth's case (*Commonwealth* v. *Kelley,* 370 Mass. 147, 149-150 [1976]) was sufficient to warrant a rational trier of fact (*Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 [1979]) in concluding beyond a reasonable doubt that the defendant had committed each element of the offence charged.[2]

The Commonwealth introduced evidence from which the second judge could have found the following facts. The defendant's van broke down during the evening of April 15, 1985, as he was driving alone in a southerly direction along Interstate Route 495 in Franklin. He was unable to restart the van and left it in the breakdown lane at approximately 10:00 P.M. At approximately 6:00 A.M. the following morning a State trooper came upon the van, engulfed in flames. The trooper had the fire extinguished, caused the van to be towed away, returned to the State police barracks in Foxborough, and commenced a computer check on the registration number of the van. The defendant arrived at the barracks shortly thereafter and acknowledged his ownership and operation of the van.

Two days later, on April 18, some children were playing near a chain link fence which was situated along the rear boundary of a back yard which abutted the location of the high-

---

on his person or [3] under his control in a vehicle, a firearm, . . . shall be punished . . ." (numbers in brackets supplied).

[2] The complaint was framed under all three aspects of the statute, as identified in note 1 hereof. See *Commonwealth* v. *Moscatiello*, 257 Mass. 260, 261 (1926); *Commonwealth* v. *Almeida*, 381 Mass. 420, 421 (1980). As the defendant did not move for particulars under Mass.R.Crim.P. 13(b)(1), 378 Mass. 872 (1979), the judgment will have to be affirmed if the evidence most favorable to the Commonwealth (*Commonwealth* v. *Barry*, 397 Mass. 718, 719 [1986]) was sufficient to warrant a finding of guilty under any aspect of the statute.

way at a point which was "right adjacent" to where the defend-
ant had left his van in the breakdown lane. They noticed a
blue, hooded sweatshirt lying in the grass next to and on the
State side of the fence. One of the children reached through
an opening in the fence and started to pull the sweatshirt toward
him. When he saw what was underneath, he summoned his
mother, who called the Franklin police. Underneath the sweat-
shirt were a briefcase which contained various tax documents
indicating that they were the property of the defendant and an
open, wooden carpenter's box which contained a Craftsman
drill, an AM-FM radio and cassette player, and a loaded .22
caliber semiautomatic pistol. The Franklin police turned all
the items over to the State police, who took them to the Fox-
borough barracks.

The trooper who had discovered the van on fire notified the
defendant's father that he had some items which might have
come from the van. The defendant came to the barracks some
time later. He claimed ownership of and signed a receipt for
the sweatshirt, the briefcase, the tax documents, the carpenter's
box, the drill and the radio and cassette player. He denied
ownership of the gun and insisted that there had been no gun
in the van at any time. He left no room for doubt that all the
other items had been in the van when he had left it in the
breakdown lane three days earlier.

We are of opinion that the judge could rationally infer from
the evidence of the proximity of the gun to all the various
items which the defendant admittedly owned and which had
been in the van (compare *Commonwealth* v. *Donovan,* 17
Mass. App. Ct. 83, 84-86 [1983]; *Commonwealth* v. *Lucido,*
18 Mass. App. Ct. 941, 942, 943 [1984]) that the gun had
also been in the van and that the defendant had "carried [the
gun] . . . under his control in a vehicle" within the meaning
of G. L. c. 269, § 10(*a*). See *Commonwealth* v. *Moscatiello,*
257 Mass. 260, 261, 262 (1926); *Commonwealth* v. *Gizicki,*
358 Mass. 291, 297 (1970) ("Pawlicki's ownership, operation
and occupancy of the vehicle justified his conviction"); *Com-
monwealth* v. *Gray,* 5 Mass. App. Ct. 296, 299 (1977); *Com-
monwealth* v. *Collins,* 11 Mass. App. Ct. 583, 586 (1981).

See also *Commonwealth* v. *Dinnall*, 366 Mass. 165, 169-170 (1974); *Commonwealth* v. *Xiarhos*, 2 Mass. App. Ct. 225, 231-232 (1974); *Commonwealth* v. *Cohen*, 6 Mass. App. Ct. 653, 658 (1978); *Commonwealth* v. *Rodriquez*, 16 Mass. App. Ct. 944, 945-946 (1983).

We are also of opinion that the judge could rationally infer that the defendant had moved the gun from the van to the place where it was found and so had knowingly "carrie[d it] on his person" within the meaning of § 10(*a*). See *Commonwealth* v. *Stallions*, 9 Mass. App. Ct. 23, 25 (1980); *Commonwealth* v. *Ashley*, 16 Mass. App. Ct. 983, 983 (1983); *Commonwealth* v. *Dominque*, 18 Mass. App. Ct. 987, 989-990 (1984). Neither inference was necessary, but either was permissible. See generally *Commonwealth* v. *Montecalvo*, 367 Mass. 46, 55-56 (1975); *Commonwealth* v. *Latimore*, 378 Mass. at 676; *Commonwealth* v. *Casale*, 381 Mass. 167, 173 (1980); *Berry* v. *Commonwealth*, 393 Mass. 793, 795 (1985).

*Judgment affirmed.*