COMMONWEALTH *vs.* JEFFREY W. KINES.

No. 93-P-67.

Norfolk. September 13, 1994. - October 24, 1994.

Present: BROWN, KASS, & FINE, JJ.

*Practice, Criminal,* Comment by prosecutor, Fair trial. *Evidence,* Prior
conviction.

The combination of errors committed by the prosecutor at a criminal trial,
including the improper injection into the case of a racial issue for which
there was no basis in the evidence, entitled the defendant to a new trial.
[541-544] BROWN, J., concurring.

COMPLAINT received and sworn to in the Brookline Divi-
sion of the District Court Department on November 26,
1990.

On appeal to the jury session of the Dedham Division, the
case was tried before *Sarah B. Singer,* J.

*Mary F. Costello* for the defendant.

*John P. Corbett,* Assistant District Attorney, for the
Commonwealth.

FINE, J. Several police officers accompanied a young wo-
man to an apartment in Brookline to help her retrieve her
baby who was in the apartment with the defendant and sev-
eral others. The defendant is the baby's father. An argument
began between the baby's mother and the defendant's girl-
friend, one of those present in the apartment. There was evi-
dence that, while they were arguing, the defendant hit one of
the police officers. The defendant then retreated to his bed-
room. The officers followed the defendant into the bedroom
and told him he would be required to accompany them to the
police station. A scuffle ensued lasting several minutes and
producing a call by the police officers for backup. As a result
of what happened in the bedroom, the defendant was

charged with assault and battery, assault and battery on a police officer, and assault and battery with a deadly weapon (three counts). In his appeal from his convictions on all charges by a jury of six in the District Court, the defendant argues that the prosecutor[1] acted improperly in several respects and that the combined effect of those improprieties was to deprive him of a fair trial. The Commonwealth concedes that the prosecutor overstepped the bounds of propriety in some respects but contends that the errors, even in combination, do not warrant a new trial. In our view, the defendant is entitled to a new trial.

The most serious transgression was the injection of a nonexistent racial issue by the prosecutor into his closing argument. All the officers involved in the incident were white and, apparently, all the other individuals present in the apartment, including the defendant, were black. Commenting on a postarrest statement by the defendant to the effect that he was surprised that he could have been subdued by only three officers, the prosecutor asked: "[I]s that the statement of somebody who has contempt? Contempt [for] white police officers trying to do their job?"

There was no basis in the evidence for suggesting that the defendant's attitude toward the officers had anything to do with their race. "It was improper for the prosecutor to invite the jury to impute racial animosity into a situation without evidence to support it." *Commonwealth* v. *Phoenix*, 409 Mass. 408, 425 (1991). See *Commonwealth* v. *Mahdi*, 388 Mass. 679, 693 (1983). See also *Commonwealth* v. *Graziano*, 368 Mass. 325, 332 (1975). Cf. *Commonwealth* v. *Washington*, 28 Mass. App. Ct. 271, 273 (1990) (cautioning that even where race has probative value, this value must be weighed against potential prejudice to the defendant). We must assess the prejudicial effect of the error in the context of the entire trial. See *Commonwealth* v. *Kozec*, 399 Mass. 514, 518 (1987); *Commonwealth* v. *Phoenix*, 409 Mass. at 424-426.

---

[1]Appellate counsel was not the prosecutor at trial.

The trial consisted of conflicting versions of the incident, and the outcome turned largely on the relative credibility of the defendant and his witnesses on the one hand, and the officers on the other. Although there was only one improper reference to race during the course of the closing argument and racial bias was not a theme of that argument, contrast *Commonwealth* v. *Mahdi*, 388 Mass. at 691-693, there is some risk that the remark might have suggested to the jurors that, because the officers were white, their version was more believable than that of the defendant, who was black. We note that the trial judge made a special effort to neutralize the prosecutor's impropriety. Early in her charge, the judge made specific reference to the improper statement and ordered the jury to disregard it. Contrast *Commonwealth* v. *Gallego*, 27 Mass. App. Ct. 714, 720 (1989) (ordering new trial where prosecutor appealed to prejudice against Colombians and judge neither gave specific instructions to cure error nor placed special stress on fact that summation is not evidence). The judge said: "Now during closing arguments the Commonwealth made one reference to the defendant's attitude toward white police officers. I want you to be completely careful that you decide . . . the facts of this case unswayed by any questions of racial bias. I don't think there was any reference in this case that was motivating the fact and I think it would be inappropriate for that to be introduced at this stage." At the end of her charge, she added: "The Commonwealth's remark regarding the white police officers made in his closing remarks was perhaps his own belief, although I don't know that, but there is no evidence whatsoever that there is any racial bias present in this case. You are to totally disregard the Commonwealth's remarks that have to do with race in that regard."[2]

The prosecutor, however, also made several other errors. Several times during cross-examination the prosecutor asked the defendant, over objection, whether a police officer, whose

---

[2]Another factor that may have diminished the likelihood of prejudice in this case was the fact that a pretrial voir dire of the prospective jurors was conducted on the issue of racial bias.

version of the incident conflicted with that of the defendant, was lying. "It is generally improper to 'tempt the defendant to comment on inconsistencies between his testimony and that of the other witnesses.' " *Commonwealth* v. *Flanagan*, 20 Mass. App. Ct. 472, 478 (1985), quoting from *Commonwealth* v. *Long*, 17 Mass. App. Ct. 707, 708 (1984). See *Commonwealth* v. *Ward*, 15 Mass. App. Ct. 400, 401 (1983). Asking only one or two such questions in the course of a trial, however, has not been viewed as a basis for reversal. See *Commonwealth* v. *Ward*, 15 Mass. App. Ct. at 402; *Commonwealth* v. *Kirkpatrick*, 26 Mass. App. Ct. 595, 603 (1988).

The defendant testified in his own behalf, and his prior conviction of larceny was introduced by the Commonwealth to impeach him. Referring to the conviction in his closing argument, the prosecutor told the jurors they should "keep [*sic*] that in whatever way you feel it deserves." Defense counsel made no objection. Although ambiguous, the statement might have suggested to the jurors that the conviction could be considered for the substantive purpose of establishing the defendant's propensity to commit a crime. See *Commonwealth* v. *Bassett*, 21 Mass. App. Ct. 713, 716 (1986). The judge did, however, give clear and correct instructions to the effect that a prior conviction could be considered only with regard to the defendant's credibility. Compare *Commonwealth* v. *Roberts*, 378 Mass. 116, 127-128 (1979).

Perhaps each error,[3] by itself, might not have been sufficient to warrant reversal. In combination, notwithstanding the judge's conscientious effort to overcome the prejudicial effect of the errors, the errors created a risk that the evidence

_____

[3]We note another improper remark, the subject of neither an objection at trial nor argument on appeal. After the defendant testified on cross-examination that he had walked to his bedroom after the verbal altercation, the prosecutor asked, sarcastically: "Like an altar boy?"

may not have been weighed in an unbiased manner, and a new trial is required.

> *Judgments reversed.*
> *Verdicts set aside.*


BROWN, J. (concurring). If prosecutors do not see the *light*, they must be made to feel the heat.

It seems, as I said in *Commonwealth* v. *Dowdy*, 36 Mass. App. Ct. 495, 501-504 (1994) (Brown, J., dissenting), that the only way to bring about carefully prepared and proper closing arguments and to stop the abuse is to reverse summarily. That appears to be the only effective way to stop the abuse.[1] Moreover, in light of the admonition that "care must be taken not to exploit, even inferentially, latent racial paranoia" or bias (*Commonwealth* v. *Washington*, 28 Mass. App. Ct. 271, 275-276 [1990] [Brown, J., concurring]), and of the other transgressions by the assistant district attorney, such as the improper questioning, see, e.g., *Commonwealth* v. *Long*, 17 Mass. App. Ct. 707, 708 (1984), this case a fortiori requires reversal.

---

[1] It still is my hope that ultimately a prosecutor whose misconduct is flagrant will "be required personally to reimburse the Commonwealth for the costs of any resultant retrial." *Commonwealth* v. *Dowdy*, 36 Mass. App. Ct. at 503 n.4.