The defendant, Braulio DeJesus, was convicted by a jury of carrying a dangerous weapon, to wit, metallic knuckles, in violation of G. L. c. 269, § 10 (b ). After a separate jury-waived trial, the defendant was convicted of carrying a dangerous weapon as a subsequent offense. The defendant raises two sufficiency challenges on appeal.
First, the defendant argues that the evidence was insufficient to establish that the metallic knuckles admitted at trial qualified as a dangerous weapon.[2] But G. L. c. 269, § 10 (b ), identifies a number of weapons that are specifically prohibited, including "metallic knuckles or knuckles of any substance which could be put to the same use with the same or similar effect as metallic knuckles." Contrary to the defendant's contention, because the item in question was admitted as an exhibit, the jury could conclude based on their own observations whether it fell within this statutory category. See Commonwealth v. Fancy, 349 Mass. 196, 204 (1965) ; Commonwealth v. Stallions, 9 Mass. App. Ct. 23, 25-26 (1980).
Second, the defendant argues that the evidence was insufficient to establish that he "carried" the metallic knuckles. " '[C]arrying' a [weapon] occurs when the defendant knowingly has more than momentary possession of a [weapon] and moves it from one place to another." Commonwealth v. Seay, 376 Mass. 735, 737 (1978). The evidence here, viewed in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), established this element of the offense. An officer observed the defendant walking on the sidewalk next to a hotel for about twenty-five seconds. As the officer continued to watch, the defendant went to the rear passenger tire of a parked vehicle, bent down, moved his hand toward the tire, and stood back up and resumed walking. The officer then looked under the vehicle in the precise spot where the defendant had bent down and discovered a set of brass knuckles stuffed under the tire. There were no other people near the vehicle and only one other person in the parking lot, "at the farthest end" from where the vehicle was parked. Based on this evidence, a reasonable jury could find that the defendant "carried" the weapon.
Judgments affirmed.

The defendant did not move for a required finding of not guilty on this basis. In fact, defense counsel conceded in his opening statement that the item in question, a set of "brass knuckles," was a dangerous weapon. Nonetheless, we will consider the defendant's challenge because a conviction based on insufficient evidence inherently presents a substantial risk of a miscarriage of justice. See Commonwealth v. Joyner, 467 Mass. 176, 180 (2014).