COMMONWEALTH *vs.* ARTHUR J. GODFREY, JR. February 4, 1983. Convicted, together with one Walter D. McCann, of breaking and entering in the nighttime with intent to commit a felony (G. L. c. 266, § 16), and of larceny of property of a value exceeding $100 (*id.*, § 30),[1] the defendant Arthur J. Godfrey, Jr., appeals from the judgments on the ground of misdirection of the jury. We affirm.

On the evidence the jury could find beyond a reasonable doubt that the defendants Godfrey and McCann and a juvenile named Andrew had confederated to go by car to the town of Lexington in the early hours of March 1, 1980, and to have Andrew break into a jewelry store there and escape into the car with any loot he could gather; and that this design was carried out. There was abundant proof that Andrew broke a pane of glass forming the lower part of the front door of Anderson's Jewelers on Massachusetts Avenue, crawled through the opening, cracked two display cases, took from them a pair of trays of jewelry, and emerged from the store as he had entered. Meanwhile, a car, parked facing the wrong way on a nearby side street with its lights out and engine running, was driven around, now showing lights, to straddle the middle line of the avenue opposite the store. Andrew ran toward the car and took the rear right seat. McCann was driving with Godfrey beside him. The car began to move in the easterly direction in which it was headed.

A police officer on private patrol at a bank, standing some 150 feet from Anderson's and then advancing toward the defendants' car, had observed much of the action described, and had used his radio, with the result that a police cruiser was on the scene very promptly and undertook pursuit. Thereupon Andrew began to rid himself of the haul by casting it through the window of the car. The police caught up about a half mile from Anderson's. Much of the jewelry was later recovered along the route.

Through testimony of McCann and Andrew (who had previously pleaded as a juvenile to charges arising from the incident) the defendants sought to develop the theory that Andrew's criminal activities were an independent effort on his part, undertaken while the car was parked, which the defendants did not anticipate and of which they did not become aware until well into the chase. Indeed, the claim was that the defendant Godfrey was asleep throughout — this despite the sounds of breaking glass and the alarms set off by Andrew that had been audible to the officer at or near the bank, to mention but one of the discrepancies that damaged the defendants' story.

The defendant Godfrey, the present appellant, argues that the judge in his charge referred to certain propositions of fact as established and fixed although they remained unsettled at trial. The answer is that, so far as the judge could be understood to take a few matters as established — e.g.,

---

[1] McCann was also convicted of certain motor vehicle offenses.

that Andrew had entered the store — they had been considered so by all the participants at trial and were undisputed. *Commonwealth* v. *Boyd,* 367 Mass. 169, 186-187 (1975). No objection was taken to the judge's instructions defining joint venture. But the defendants sought a charge that the jury, depending on their view of the evidence, might find McCann guilty and Godfrey not guilty, or vice versa. The judge refused so specific a charge. A jury attentive to his instructions on joint venture would understand that the question of guilt was singular to each defendant and hung on proof of the nature of the individual's participation or lack of it in the venture. The judge was not required to give a charge in the form requested, if he gave one adequate in substance. *Commonwealth* v. *Harris,* 376 Mass. 201, 208 (1978). The judge might have gone further on the requested line, but there was no error. Lastly, the jury, after some deliberation, asked: "Can joint venture occur after the fact?" and "Does rendering aid after the fact to a felon without prior knowledge constitute breaking and entering?" The defendants urged the judge to answer these questions with a "No." Instead, the judge spelled out the negative by reiterating, in substance, a pertinent part of his description of a joint venture. He might have been more incisive, but again we find no error. There was surely no need to burden the jury with an explanation, by way of contrast, of the notion of accessory after the fact.

*Judgments affirmed.*

*Ralph F. Champa* for the defendant.
*Kevin J. Ross,* Assistant District Attorney, for the Commonwealth.