COMMONWEALTH *vs.* CLAYTON P. MILLER. January 31, 1984. *Controlled Substances. Practice, Criminal,* Assistance of counsel, Severance, Sentence. *Evidence,* Admitted without objection.

The defendant appeals from his convictions, after a jury trial in the Superior Court, of trafficking in cocaine (G. L. c. 94C, § 32E[*b*][1], as appearing in St. 1980, c. 436, § 4) and setting up and promoting a lottery (G. L. c. 271, § 7). 1. There was no error in the denial of the motion to suppress. The affidavit in support of the application for the search warrant, which was filed in the District Court, bore the signature and oath of the affiant. See G. L. c. 276, § 2B. The mere fact that a copy of the affidavit, given to defendant's counsel by the prosecutor following a pretrial conference, was unsigned and unsworn does not, as the defendant suggests, indicate any irregularity in the original affidavit. 2. The defendant's motion for a required finding of not guilty on the indictment for trafficking in cocaine, on the basis that there was insufficient evidence to support an inference of intent to distribute, was properly denied. We view the evidence, in the light most favorable to the Commonwealth, to determine whether the evidence, with permissible inferences, was sufficient to have satisfied a rational trier of fact beyond a reasonable doubt of the element of intent to distribute. See *Commonwealth v. Latimore,* 378 Mass. 671, 677-678 (1979). There was evidence that in the search of the defendant's apartment the police found three plastic bags containing cocaine, with a combined weight of 32.1 grams, a sifter (with cocaine residue), two scales, one calibrated in grams, a mixer (with cocaine residue), a straw containing cocaine, a playing card and a razor blade next to "lines" of cocaine, a scoop (with white powder residue), a kit used for testing the purity of cocaine, a plastic bag containing "cut," about ten plastic bags, and $1,565.30 in cash. In addition there was testimony from police Officer Mitchell, who, the judge found and the defendant conceded, was an expert in drug investigations, that the cocaine had a street value of about $12,000; that it had not yet been prepared for street sale; that the plastic bags were of a kind commonly used for packaging and distribution of cocaine; that "cut" is used to dilute cocaine; and that the other seized items were commonly used in the preparation of cocaine for distribution. There was further testimony from Mitchell that the defendant had been under surveillance by the police for six months preceding his arrest, and had been observed on the street on a number of occasions during that time handing "something" to individuals and receiving money. There was ample evidence from which a jury could find beyond a reasonable doubt that the defendant had an intent to distribute the cocaine in his possession. See *Commonwealth v. Ellis,* 356 Mass. 574, 578-579 (1970); *Commonwealth v. Rugaber,* 369 Mass. 765, 770 (1976); *Commonwealth v. Scala,* 380 Mass. 500, 511 (1980); *Commonwealth v. Tucker,* 2 Mass. App. Ct. 328, 330 (1974); *Commonwealth v. Gill,* 2 Mass. App. Ct. 653, 657 (1974). Cf. *Commonwealth v. Wooden,* 13 Mass. App. Ct. 417, 422-424 (1982);

*Commonwealth* v. *Tripp*, 14 Mass. App. Ct. 997, 998-999 (1982). 3. The defendant's claim of ineffective assistance of trial counsel should have been raised by a motion for a new trial. See *Commonwealth* v. *Cross*, 4 Mass. App. Ct. 54, 57 (1976); *Commonwealth* v. *LeBlanc*, 11 Mass. App. Ct. 960, 962-963 (1981); *Commonwealth* v. *Price, ante* 955, 956 (1983). We have reviewed the record, however, and find no merit in any of the arguments as to ineffective assistance of counsel. The instances of inaction of trial counsel pointed to by appellate counsel involved reasonable tactical judgments. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96-97 (1974); *Commonwealth* v. *Stone*, 366 Mass. 506, 517 (1974); *Commonwealth* v. *Pasciuti*, 12 Mass. App. Ct. 833, 836 (1981). 4. There was no abuse of discretion in the failure of the judge, sua sponte, to order a severance of the defendant's trial from those of the codefendants on the drug charges,[1] or to order a severance of the charges against the defendant. See Mass.R.Crim.P. 9(d)(1), 378 Mass. 860 (1979). "Severance is usually a matter within the sound discretion of the trial judge." *Commonwealth* v. *Cepulonis*, 374 Mass. 487, 499 (1978). The defendant has the burden of showing that prejudice resulted from the failure to sever. *Commonwealth* v. *Gallison*, 383 Mass. 659, 672 (1981). *Commonwealth* v. *Gordon*, 389 Mass. 351, 358 (1983). There is nothing in the record to support the defendant's claim that he was prejudiced by the joinder of the defendants. Inconsistent trial strategies, hostility among defendants or a defendant's claim that he would have had a better chance of acquittal had he been tried alone do not establish prejudice. See *Commonwealth* v. *Moran*, 387 Mass. 644, 658-659 (1982); *Commonwealth* v. *Dickerson, ante* 960 (1983). The defendant falls far short of showing that whatever prejudice may have resulted from a joint trial was "so compelling that it prevent[ed the] defendant from obtaining a fair trial." *Commonwealth* v. *Moran, supra* at 658. The physical evidence against the defendant on both the drug and the lottery charges was seized in the same search. The testimony against the defendant on both charges was given by two police officers who participated in the search. The judge forcefully instructed the jury on the independence of the charges. We see nothing in the record establishing that the joinder of charges against the defendant was not in the best interests of justice, or showing that the judge abused his discretion by failing to sever, sua sponte, the charges. See *Commonwealth* v. *Sylvester*, 388 Mass. 749, 755-758 (1983); *Commonwealth* v. *Gordon, supra* at 357; *Commonwealth* v. *Ellis*, 12 Mass. App. Ct. 612, 618-621 (1981). 5. After discussion between the judge and counsel concerning the relevant rules of evidence, a police officer was allowed to testify with respect to a telephone call answered by the officer while the search was being

---

[1] Motions of the codefendants for required findings of not guilty, presented at the close of the Commonwealth's case, were allowed.

conducted. The unidentified caller asked to speak to the defendant and, when told he was unavailable, stated that he wanted cocaine. The defendant's counsel did not object when the testimony was admitted. In the absence of an objection we review a claim of error only to determine whether there is a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Redding*, 382 Mass. 154, 155 (1980). Even assuming that it was error to admit the testimony (see *Commonwealth* v. *Jensky*, 318 Mass. 350, 352-354 [1945]; *Commonwealth* v. *Massod*, 350 Mass. 745, 748 [1966]; Liacos, Handbook of Massachusetts Evidence 264 [1981, Supp. 1983]), from our review of the record we conclude that there is no substantial risk of a miscarriage of justice. Apart from the disputed testimony, the evidence against the defendant on the drug charge was overwhelming. See part 2, *supra*. If an objection had been taken and erroneously overruled, we would have viewed any error as harmless. 6. The Commonwealth concedes that the penalty provisions of G. L. c. 94C, § 32E(*b*)(1), as appearing in St. 1980, c. 436, § 4, are unconstitutionally vague. See *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 333-336 (1983). Both parties agree that the next lesser included offense is possession of cocaine with the intent to distribute. See G. L. c. 94C, § 32A(*a*), as appearing in St. 1980, c. 436, § 4. The jury necessarily found the defendant guilty of that offense. 7. The judgment on indictment numbered 82-2382 is vacated. The case is remanded to the Superior Court where the verdict is to stand as one of guilty of possession of cocaine with intent to distribute (G. L. c. 94C, § 32A[*a*], as appearing in St. 1980, c. 436, § 4), and for resentencing as for that crime. See *Commonwealth* v. *Dupree*, 16 Mass. App. Ct. 600, 605-606 (1983); *Commonwealth* v. *Petrone*, *ante* 914, 916 (1983). The judgment on indictment no. 81-3824 is affirmed.

*So ordered.*

*Patricia A. Bobba* for the defendant.

*William T. Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.