COMMONWEALTH *vs.* JOHN A. DiCATO.

Norfolk.  September 19, 1984. — November 30, 1984.

Present: DREBEN, KAPLAN, & FINE, JJ.

*Practice, Criminal,* Severance. *Evidence,* Common criminal enterprise.

At the trial of two indictments charging the defendant with drug offenses and
    seven indictments charging a codefendant with such offenses, there was
    no error in denying the defendant's motion for severance, made for the
    first time during trial, in denying a motion for a mistrial, and in admitting
    a statement made by the codefendant that he and the defendant were
    partners. [41-43]

INDICTMENTS found and returned in the Superior Court De-
partment on May 10, 1982.

The cases were tried before *Roger J. Donahue,* J.

*Kim M. Giampietro* for the defendant.

*Peter W. Agnes, Jr.,* Assistant District Attorney, for the
Commonwealth.

DREBEN, J. The defendant, charged with two drug offenses,
was tried in a joint trial with another, who was charged with
seven drug offenses. No motion to sever was filed prior to
trial or after the opening statements. In his appeal from his
conviction of unlawful possession with intent to distribute
marijuana (G. L. c. 94C, § 31), the defendant claims that the
trial court erred: in denying his motions made during trial for
relief from prejudicial joinder and for a mistrial; in admitting
in evidence a statement made by his codefendant that he and
the defendant were "partners"; in admitting in evidence other
testimony characterized by the defendant as "previously undis-
closed"; and in failing to give certain instructions or giving
incorrect instructions. There was no error.

We will discuss the issues of severance, mistrial, and the
admission of the "partner" statement together. In his opening,

the assistant district attorney indicated that the Commonwealth would produce evidence that the codefendant became known to the police during an unrelated investigation, that the police arranged to meet with the codefendant, and that during the course of several meetings five purchases of marijuana and cocaine were made from the codefendant. The prosecutor stated that the case against the defendant would show "his involvement in a transaction *working jointly with* [*the codefendant*] in the providing of . . . marijuana on two different occasions" (emphasis supplied). Counsel for the codefendant, in his opening, made clear that the codefendant would not deny the drug sales but would rely on the defense of entrapment. He also indicated his intention to introduce evidence of telephone conversations in which the codefendant pleaded with the defendant to get him some marijuana.

No motion to sever was made by the defendant after the openings of the Commonwealth and the codefendant. The defendant made no opening at that time. Trial commenced. In the course of direct examination an undercover agent was asked about a conversation with the codefendant. The latter's counsel objected, and a bench conference was held, at which time the defendant, too, objected. After hearing arguments of counsel, the judge ruled the evidence admissible, and both defendants moved for a mistrial. The undercover agent had previously testified that he was in the codefendant's apartment on March 30, 1982, that the defendant had delivered marijuana to the apartment in response to a request, that the defendant had compared the quality of the marijuana then being sold to the agent with the quality of a previous sale, and that the codefendant had given the defendant a large portion of the proceeds of the present sale. The agent now testified that prior to giving the money to the codefendant he had asked the codefendant whom he should pay for the drugs, and the codefendant replied, "It doesn't make any difference. We are partners."

The defendant argues, citing *Bruton* v. *United States*, 391 U.S. 123 (1968), that this statement was not admissible and required a severance. There is here no *Bruton* problem. The codefendant took the stand and was subject to cross-examination.

There was, accordingly, no denial of the defendant's right of confrontation. *Commonwealth* v. *Hicks*, 377 Mass. 1, 5 (1979). *Commonwealth* v. *Moran*, 387 Mass. 644, 655 (1982).

Furthermore, in *Bruton*, see 391 U.S. at 128 n.3, the court emphasized it was concerned with a confession of the codefendant implicating the defendant which was "clearly inadmissible" against the defendant.[1] Here, the statement was admissible. There was ample independent evidence that both defendants were engaged in a joint venture at the time of the statement, and that it was made in pursuance of that venture. "[A]n adequate probability of the existence of the common venture, including participation by the given defendant, [had been] established . . . ." *Commonwealth* v. *White*, 370 Mass. 703, 709 n.7 (1976). *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 340 (1983). The statement was made by the codefendant to induce the agent to pay for the drugs promptly and to avoid any delay caused by a question as to the proper recipient of the funds. "The community of activities" and the fact that there was an ongoing "common enterprise" render the statement "minimally reliable" and admissible. *Commonwealth* v. *White*, 370 Mass. at 712. *Commonwealth* v. *Bongarzone*, 390 Mass. at 340. We note that even had the trial been severed, the statement would have been admissible against the defendant. *Commonwealth* v. *Florentino*, 381 Mass. 193, 194 (1980).

Even if there is not a constitutional deprivation, a defendant is entitled to a severance if he can show that "the prejudice resulting from a joint trial is so compelling that it prevents [him] from obtaining a fair trial." *Commonwealth* v. *Moran*, 387 Mass. at 658. The defendant's claims fall short on this ground as well. The "partner" statement does not come within the rare case where an appellate court will interfere "with a judge's decision whether to bar a jury from considering relevant evidence for fear of prejudicial side effects." *Commonwealth* v. *Best*, 381 Mass. 472, 495 (1980). The claim that the defendant

---

[1] Confessions, such as the one involved in *Bruton*, made after the termination of a joint venture or conspiracy "are not admissible, as matter of State law." *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 340 n.11 (1983).

was prejudiced because the codefendant was being tried on seven indictments while the defendant was only being tried on two, or because the codefendant's defense of entrapment permitted the prosecution to introduce evidence of other investigations and crimes of the codefendant, are claims which were known to the defendant before trial or, at the latest, after the opening statements of counsel.

The failure seasonably to move to sever provides sufficient ground, in itself, for the judge's denial of the defendant's several motions. See Mass.R.Crim.P. 9(d)(2), 378 Mass. 860 (1979), and Reporters' Notes thereto, Mass. Ann. Laws, Rules of Criminal Procedure at 433-434 (1980); *Commonwealth* v. *DiPietro*, 373 Mass. 369, 387-388 (1977); *Commonwealth* v. *Jackson*, 391 Mass. 749, 759 (1984). It also supports the Commonwealth's suggestion that the defendant's initial strategy was "to ride on the coattails" of the codefendant's entrapment theory. Indeed, some of the defendant's requests for instructions focused on this defense. A change in tactics in the course of trial does not permit unseasonable motions for severance. In any event, neither a showing of differences in trial strategies between the two defendants, see *Commonwealth* v. *Moran*, 387 Mass. at 658-659; *Commonwealth* v. *Miller*, 17 Mass. App. Ct. 991, 992 (1984), nor a showing that the case against the codefendant was stronger, see *Commonwealth* v. *DiBlasio*, 17 Mass. App. Ct. 1008, 1009 (1984), nor any other claim made here is sufficient for us to conclude that the trial judge abused his discretion in denying the motions for severance. See also *Commonwealth* v. *Dickerson*, 17 Mass. App. Ct. 960 (1983), and cases cited.

The denial of the defendant's additional motion for severance, made orally after the admission of previously undisclosed testimony which the defendant claimed was prejudicial, was correct for the reasons stated in *Commonwealth* v. *Costello*, 392 Mass. 393, 398 (1984). The defendant neither showed how his case was prejudiced nor demonstrated how the granting of a new trial would substantially remedy such prejudice. *Ibid*. There was also no error in the admission of the testimony.

Each of the defendant's rambling contentions concerning the judge's instructions fails for one or more of the following reasons. The argument that the judge failed to give a limiting instruction is raised for the first time on appeal. *Commonwealth v. Bongarzone*, 390 Mass. at 346. One of the claims ignores the instruction actually given ("no inferences of guilt can be drawn from the fact the defendant did not testify"). The judge's reference to "testimony induced by defense counsel" was unlikely to be misinterpreted by the jury as applying to the defendant, rather than to the codefendant, when viewed in the context of the entire trial.

*Judgment affirmed.*