COMMONWEALTH *vs.* WILLIAM E. FLORENTINO, JR.

Middlesex. November 4, 1985. — February 6, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal,* Assistance of counsel. *Constitutional Law,* Assistance of counsel.

The record in a criminal case did not support the defendant's contention that the performance of his trial counsel denied the defendant his right to effective assistance of counsel under the Sixth Amendment to the Constitution of the United States. [689-691]

INDICTMENT found and returned in the Superior Court on March 15, 1978.

Following the decision of this court in 381 Mass. 193 (1980), a motion for a new trial was heard by *William W. Simons,* J.

The defendant was given leave to appeal pursuant to G. L. c. 278, § 33E, by *Abrams,* J.

*Jeremiah P. Sullivan, Jr.,* for the defendant.

*Pamela L. Hunt,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant, whose convictions of murder in the first degree and armed robbery we affirmed in *Commonwealth* v. *Florentino,* 381 Mass. 193 (1980), appeals (by leave of a single justice as to the murder conviction [see G. L. c. 278, § 33E (1984 ed.)]) from the denial of his motion for a new trial. His sole contention on appeal, argued only with respect to the murder conviction, is that the performance of his trial counsel denied him his right to effective assistance of counsel under the Sixth Amendment to the Constitution of the United States. His motion asserted no claim under the Constitution of the Commonwealth.

We apply solely the standard set forth in *Strickland* v. *Washington,* 466 U.S. 668 (1984), to determine whether the defendant was denied the assistance of counsel guaranteed

by the Sixth Amendment.[1] The defendant must show that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The defendant must prove both that (1) counsel's performance was deficient and (2) counsel's performance prejudiced the defense *id.*, such that, but for the errors of counsel, it is reasonably probable that "the result of the proceeding would have been different." *Id.* at 694. If a defendant fails to fulfil either element of this test, the court need not consider the other necessary element. *Id.* at 697. See *Commonwealth* v. *Mercado,* 383 Mass. 520, 527 (1981). Judicial scrutiny of counsel's performance must be highly deferential, "indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (*Strickland, supra* at 689).

Applying the constitutional standard involves judicial consideration of circumstances peculiar to each case. Thus, detailed analysis of a defendant's various claims of deficient lawyering and of its prejudicial consequences often yields few general principles instructive to the bar. For example, the claim here that trial counsel was unprepared, as shown by various incidents of alleged neglect, is best, but fairly, disposed of simply by noting that the motion judge's memorandum of findings and rulings refutes the claim (as, indeed, does the Commonwealth's brief). The case is simply not made.

The defendant also argues that his counsel should have moved to suppress an identification which an important witness made first by photograph and then in a line-up. The defendant argues that, even if the evidence had not been suppressed, a hearing on such a motion would have disclosed information

---

[1] We do so even though the defendant does not cite the *Strickland* opinion in his brief and relies almost exclusively on opinions of this court.

We have suggested that a State ineffective assistance of counsel standard is set forth in *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). We have said that if the State standard is met, the test expressed in the *Strickland* opinion "is necessarily met as well." *Commonwealth* v. *Fuller,* 394 Mass. 251, 256 n.3 (1985). Because no State constitutional claim is before us, we need not discuss what, if any, significant differences exist between the two constitutional standards.

helpful to the defense. The defendant makes no claim (or showing) that such a motion would have been successful. Whether to afford a witness an opportunity to rehearse his testimony at a suppression hearing, especially when the prospects of suppression are negligible, is very much a tactical decision, not easily characterized as ineffective assistance of counsel. See *Commonwealth* v. *Drayton,* 386 Mass. 39, 42 (1982). In this case, trial counsel persisted by other means in obtaining information concerning the pretrial identification procedures, and at trial presented evidence tending to discredit the principal identification witness's testimony.

As to the claim that defense counsel committed various prejudicial errors during the course of the trial, we grant that there are some instances of ineptitude or misinformation but we see no prejudice affecting the result. Other claims of deficient performance either are unfounded or are advanced in hindsight as to circumstances involving reasonable, but unsuccessful, tactical decisions. See *Commonwealth* v. *Sielicki,* 391 Mass. 377, 379 (1984).

The order denying the defendant's motion for a new trial is affirmed.

*So ordered.*