NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1263

COMMONWEALTH

vs.

DANIEL MULKERN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On November 16, 2017, a grand jury indicted the defendant for (1) trafficking between one hundred grams and two hundred grams of oxycodone, in violation of G. L. c. 94C § 32E (c); (2) trafficking between eighteen grams and thirty-six grams of cocaine, in violation of G. L. c. 94C § 32E (b); (3) possession of heroin with intent to distribute, in violation of G. L. c. 94C § 32 (a), subsequent offense; (4) possession of a class B substance (MDMA) with intent to distribute, in violation of G. L. c. 94C § 32A (a), subsequent offense; and (5) possession of a class B substance (fentanyl) with intent to distribute, in violation of G. L. c. 94C § 32A (a).  At a May 1, 2019 jury-waived trial, a Superior Court judge found the defendant guilty

of count one of the indictment, guilty of lesser included offenses on counts two through four,[1] and not guilty of count five. The judge sentenced the defendant on count one to from eight to ten years in State prison, on count two to five years of probation to run from and after the sentence on count one, and on counts three and four to one-year committed to run concurrently with the sentence on count one. The defendant then moved for a new trial, arguing that he received ineffective assistance of counsel because his attorney misadvised him about the likelihood of prevailing at trial, which caused the defendant to reject three different plea offers. The motion judge, who was not the trial judge, denied the motion without an evidentiary hearing, concluding that while defense counsel's exercise in judgment turned out to be wrong, it was not constitutionally ineffective. The defendant appeals.[2] We affirm.

Discussion. A judge may grant a motion for a new trial "only 'if it appears that justice may not have been done.'" Commonwealth v. Fanelli, 412 Mass. 497, 504 (1992), quoting

---

[1] The subsequent portions of counts three and four were dismissed.

[2] We note that in this consolidated appeal of his judgments of conviction and the order denying his motion for new trial, the defendant presents arguments solely with respect to the denial of his motion for new trial.

2

Commonwealth v. DeMarco, 387 Mass. 481, 482 (1982). "Where, as here, the motion judge was not the trial judge and the evidence provided was purely documentary, our review is de novo." Commonwealth v. Watt, 493 Mass. 322, 328 (2024), citing Commonwealth v. Lykus, 451 Mass. 310, 326, (2008).

Counsel is ineffective when "(1)'there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer'; and (2) as a result, the defendant was 'likely deprived . . . of an otherwise available, substantial ground of defence.'" Commonwealth v. Henley, 488 Mass. 95, 134 (2021), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant has the burden of proving an ineffective assistance of counsel claim. Commonwealth v. Montez, 450 Mass. 736, 755 (2008).

The constitutional entitlement to the effective assistance of counsel in a criminal proceeding "plainly includes counsel's effective assistance in connection with the defendant's decision whether to accept or reject a plea bargain offer made by the Commonwealth." Commonwealth v. Mahar, 442 Mass. 11, 14 (2004). "In considering claims based on the incompetence of the legal advice bearing on the likelihood of acquittal, a court must be acutely aware of the temptation of a defendant to second guess his decision and counsel's advice in light of subsequent adverse

3

events." Id. at 17. "[A] defense attorney's simple misjudgment as to the strength of the prosecution's case, the chances of acquittal, or the sentence a defendant is likely to receive upon conviction, among other matters involving the exercise of counsel's judgment, will not, without more, give rise to a claim of ineffective assistance of counsel" (citation omitted). Id. "Judicial scrutiny of counsel's performance must be highly deferential, 'indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Commonwealth v. Florentino, 396 Mass. 689, 690 (1986), quoting Strickland v. Washington, 466 U.S. 668, 669 (1984).

Here, the defendant argues that his representation was constitutionally deficient because defense counsel overestimated the chances of success at trial by comparing the likelihood of success to a "'jump ball' in a basketball game, meaning that the outcome could go either way and was as likely to be favorable as it was to be unfavorable." The defendant claims that the chances of success were, in fact, near zero, and his attorney's assessment caused him to reject three plea offers that were more favorable than the sentence that the defendant ultimately received following his jury-waived trial.[3] See Mahar, 442 Mass.

_____

[3] The three plea offers were as follows: (1) from eight years to eight years and one day in State prison with two years

at 14 (holding right to counsel includes right to assistance in deciding whether to accept plea offer).

Defense counsel's guidance in the defendant's decision to accept the Commonwealth's plea offers fell "within the wide range of reasonable professional assistance." Florentino, 396 Mass. at 690, quoting Strickland, 466 U.S. at 669. Defense counsel's trial strategy was to argue that the police were rogue, and the police witnesses' accounts of the defendant's arrest were not credible, a strategy that offered the defendant the possibility of acquittal on all charges. Although the defendant's unsuccessful motion to suppress also hinged on attacking the credibility of police witnesses, the seasoned defense attorney had reason to believe that strategy could very well prevail at the jury-waived trial. First, defense counsel identified a new witness to the arrest whose account contradicted the police's account. Second, defense counsel's informed experience with the trial judge, who did not preside over the motion to suppress, led defense counsel to believe the

_____

of probation from and after his release; (2) from five and one-half years to seven years in State prison with three years of probation from and after his release; and (3) a minimum of seven years in State prison with three years of probation from and after his release. The trial judge sentenced the defendant to from eight to ten years in State prison with five years of probation from and after his release.

judge would be receptive to a trial strategy attacking the credibility of the police witnesses.

Though the defense did not succeed at trial, counsel's assessment in no way fell to the level of ineffective assistance, especially when counsel advised the defendant before trial that there was as much chance that the strategy would fail as that it would succeed. See Mahar, 442 Mass. at 17 ("a court must be acutely aware of the temptation of a defendant to second guess his decision and counsel's advice in light of subsequent adverse events"). In fact, the decision to waive a jury trial appears to have been modestly successful. With regard to counts two through four, the judge sua sponte found the defendant guilty of lesser included offenses. The judge also found the defendant not guilty on count five because he believed it was inappropriate to convict the defendant for two substantive charges based on possession of a single packet of mixed substances -- an argument not advanced by defense counsel. And although the committed sentence of from eight to ten years and a five-year term of probation somewhat exceeded any of the plea offers made to the defendant, the sentence is much closer to the sentences contemplated in the plea offers than the thirty-year maximum exposure the defendant was facing on count one alone.

Because defense counsel had reasons to believe the trial strategy could succeed and communicated to the defendant that

the strategy might fail, we are not convinced that defense counsel made a "misjudgment as to . . . the chances of acquittal," let alone mistakes that would rise to the level of ineffective assistance of counsel.  Mahar, 442 Mass. at 17.  We therefore agree with the motion judge's conclusion that the defendant failed to establish that defense counsel was constitutionally ineffective.[4]

Judgments affirmed.

Order denying motion for new trial affirmed.

By the Court (Blake, C.J., Desmond & Singh, JJ.[5]),

Clerk

Entered:  October 15, 2025.

---

[4] Because the knowable facts relevant to the ineffective assistance of counsel claim are undisputed, we also decline to remand for an evidentiary hearing.  See Commonwealth v. Goodreau, 442 Mass. 341, 348-349 (2004) ("If the theory of the motion, as presented by the papers, is not credible or not persuasive, holding an evidentiary hearing to have the witnesses repeat the same evidence . . . will accomplish nothing").

[5] The panelists are listed in order of seniority.