NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-169

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 119114

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe (Doe), appeals from a judgment of the Superior Court affirming his classification by the Sex Offender Registry Board (SORB) as a level one sex offender. On appeal, Doe claims that (1) the hearing examiner's decision was not supported by substantial evidence and (2) Doe's counsel at the classification hearing before SORB was ineffective for failing to introduce a research article and a medical letter in evidence. We affirm.

1. Level one classification. Doe argues that the decision of SORB ordering Doe to register as a level one sex offender is

not supported by substantial evidence,[1] specifically alleging that three regulatory factors were improperly applied to Doe.[2] We disagree.

"We review a judge's consideration of an agency decision de novo."  Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019).  "To determine the validity of an agency's decision, the reviewing court must determine whether the decision is supported by substantial evidence."  Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion."  G. L. c. 30A, § 1 (6).  "[W]e give due weight to the experience, technical competence, and specialized knowledge of the agency" (citation omitted).  Doe, Sex Offender Registry Bd. No. 528042 v. Sex Offender Registry Bd., 496 Mass. 437, 441 (2025).  A hearing examiner also has discretion to consider which regulatory factors are applicable in a given case and how much

---

[1] In the alternative, Doe requests a new classification hearing.  Doe has not provided sufficient reason for this request nor citation to legal authority.

[2] The remainder of Doe's arguments related to the decision of the hearing examiner are waived for failure to properly raise them in the Superior Court.  See Boss v. Leverett, 484 Mass. 553, 562-563 (2020).  See also Doe, Sex Offender Registry Bd. No. 3974 v. Sex Offender Registry Bd., 457 Mass. 53, 63 (2010).

2

weight to give to each factor.  See id.  See also Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012).  "Accordingly, our review does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion as an agency or local board, but only whether a contrary conclusion is not merely a possible but a necessary inference" (quotations, citation, and alteration omitted).  Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 110 (2014) (Doe No. 68549).

First, Doe claims that the hearing examiner erred in the application of the risk mitigating factor offense-free time in the community (factor 29), by not giving this factor more weight.  We disagree, because the hearing examiner did, in fact, give "full weight," the maximum allowed, to this factor.

Next, Doe claims that the hearing examiner erred in applying the risk mitigating factor of advanced age (factor 30), by giving this factor moderate weight, rather than full weight.  Again, we disagree.  Factor 30 reflects the notion that recidivism rates decline as sex offenders get older and therefore advanced age can have a mitigating effect on the risk of reoffense.  The regulation states that SORB will consider advanced age to have a significant mitigating effect when, "for

3

those with child victims, . . . the offender is 60 years of age or older."  803 Code Mass. Regs. § 1.33(30)(a) (2016).  In addition, SORB is obligated by the text of the regulation to consider the offender's age at the time of the classification hearing.  See id.  Here, the victim of Doe's index offense was a child, and Doe was fifty-nine years old at the time of the classification hearing.  Therefore, the hearing examiner properly applied moderate weight to this factor, rather than a more significant mitigating weight.  Doe argues that the examiner's application of this factor was arbitrary and capricious because Doe was nearly sixty at the time of the hearing.  However, the hearing examiner is obligated to apply SORB's factors as written.  See 803 Code Mass. Regs. § 1.33 (2016) ("the Board shall use the following factors to determine a sex offender's level of risk of reoffense" [emphasis added]).

Lastly, Doe claims that the hearing examiner erred in applying the mitigating factor of home situation and support systems (factor 33) with minimal weight.  Again, we disagree.  The hearing examiner applied this factor with minimal weight in consideration of the fact that some of Doe's support system protest his innocence.  The language of the regulation allows the hearing examiner to consider such facts in deciding what weight to give this factor.  See 803 Code Mass. Regs.

4

§ 1.33(33)(a) (2016) ("The Board shall give greater mitigating consideration to evidence of a support network that is aware of the offender's sex offense history and provides guidance, supervision, and support of rehabilitation" [emphasis added]). Doe's arguments that amount to a dispute over the weight given to certain evidence are without merit, as we are not free to disturb such determinations on appeal. See Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 138-139 (2019). Doe further argues that research reflects the notion that "there is no evidence to support a correlation between denial with sexual recidivism"; however, as aforementioned, the hearing examiner was not free to disregard the text of the regulation for factor 33 in favor of Doe's scientific research. See 803 Code Mass. Regs. § 1.33.[3]

As there was no error in the hearing examiner's application of these regulatory factors, we conclude that the classification decision was supported by substantial evidence and not arbitrary or capricious.

---

[3] Doe also alleges that the hearing examiner used this factor to conclude that Doe is at a higher risk to reoffend, rather than solely addressing what mitigating weight to give this factor. On review of the hearing examiner's decision, we disagree with Doe's characterization of the hearing examiner's analysis.

2.  Effective assistance of counsel.  Doe claims that he was deprived of his right to effective assistance of counsel when his counsel at the hearing before SORB failed to introduce two pieces of evidence:  a research article relevant to the mitigating factor of offense-free time in the community, and a medical letter relevant to the mitigating factor of physical condition.  We disagree.

We review a judge's conclusion that counsel did not render ineffective assistance for an abuse of discretion or other error of law.  See Commonwealth v. Hudson, 446 Mass. 709, 714 (2006).  Sex offenders are entitled to effective assistance of counsel at classification hearings.  See Poe v. Sex Offender Registry Bd., 456 Mass. 801, 811 (2010).  "[T]he civil formulation of the Saferian standard governs claims of ineffectiveness."  Id.  Under that standard, we first consider "whether there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer" (citation omitted).  Id. at 812.  If we find that counsel's performance fell measurably below that which might be expected from an ordinary fallible lawyer, then we ask whether counsel's conduct prejudiced Doe, or in other words, whether there is a reasonable probability that but for the errors, the result of the

6

proceeding would have been different.  See id. at 813.  Here, the burden is on Doe to prove ineffective assistance of counsel. See Hudson, supra at 715.  Importantly, "[j]udicial scrutiny of counsel's performance [is] highly deferential, indulging in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quotation, citation, and alteration omitted).  Commonwealth v. Florentino, 396 Mass. 689, 690 (1986).  We discern no abuse of discretion or otherwise error of law in the Superior Court's decision dismissing the matter and effectively finding that hearing counsel did not render ineffective assistance of counsel.[4]

Doe's argument with regard to the research article relevant to the factor of offense-free time in the community is without merit because regardless of whether the failure to introduce this article fell measurably below the standard of an ordinary fallible lawyer, Doe failed to articulate how the omission of this article prejudiced him.  The mitigating factor of offense-free time in the community was already applied with its full weight even without the consideration of this article.

---

[4] The Superior Court judge did not address the issue of ineffective assistance of counsel in his decision dismissing the matter, likely because Doe did not explicitly articulate this issue in his pleadings to the Superior Court.  However, we can affirm a judge's decision based on any basis apparent in the record.  See Gabbidon v. King, 414 Mass. 685, 686 (1993).

7

Therefore, the omission of this piece of evidence did not prejudice Doe.

Doe's argument with regard to the medical letter relevant to the factor of physical condition is also without merit. We are not convinced that the behavior of hearing counsel, in failing to obtain and produce the medical letter, fell measurably below that which might be expected from an ordinary fallible lawyer. The medical letter did not exist at the time of the classification hearing, and the majority of information in the medical letter was provided in other documents before the hearing examiner.

However, even if Doe had met the initial part of the Saferian test, Doe still has failed to show prejudice. Doe claims that the medical letter provided two pieces of information that were not already in the record before the hearing examiner: his limitations and prognoses. Doe is correct that part of the hearing examiner's reasoning for applying moderate weight to the factor of physical condition was due to the lack of limitations and prognoses listed on the medical forms. However, Doe has failed to prove that the result of the proceeding would have been different with this information, where the mitigating factor of physical condition was still given moderate weight, and in addition, two high risk

8

factors and six risk elevating factors supported the level one classification.  See Doe, Sex Offender Registry Bd. No. 22164 v. Sex Offender Registry Bd., 103 Mass. App. Ct. 431, 434-435 (2023) (Doe failed to demonstrate reasonable probability that but for counsel's errors, result of proceeding would have been different where several other factors weighed in favor of classification).  In addition, Doe has failed to establish that the hearing examiner would have been obligated to credit the new information in the medical letter.  See Doe No. 68549, 470 Mass. at 112 ("[t]he opinion of a witness testifying on behalf of a sex offender need not be accepted by the hearing examiner even where the board does not present any contrary expert testimony" [citation omitted]).  Without more, we cannot conclude that Doe was prejudiced by the performance of counsel.  Therefore, the Superior Court judgment affirming SORB's decision to classify Doe as a level one sex offender is affirmed.

Judgment affirmed.

By the Court (Meade,
  Hodgens & Allen, JJ.[5]),

Clerk

Entered:  April 30, 2026.

---

[5] The panelists are listed in order of seniority.